# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JERROD JOHNSON** | **CIVIL ACTION NO. 5:12-cv-2134** |
| **LA. DOC #542543** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **TIM KEITH, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jerrod Johnson, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 9, 2012.  Petitioner complains about his 2007 conviction for armed robbery and the hard labor sentence imposed by Louisiana's First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On July 28, 2007, petitioner and his co-defendant Corey Holder were found guilty of three counts of armed robbery with a firearm.  On June 3, 2008, petitioner was sentenced to concurrent sentences of 41 years without benefit of parole. [Doc. 1-2, p. 10]

Petitioner was appointed appellate counsel and appealed his conviction to the Second Circuit Court of Appeals. [Doc. 1-2, pp. 1-38] On October 28, 2009, the Second Circuit affirmed the convictions and mailed notice of judgment to petitioner's attorney.  [Doc. 1-2, pp. 39-58;

*State of Louisiana v. Corey Holder and Jerrod Dewayne Johnson*, 44,386 (La. App. 10/28/2009), 25 So.3d 920.

Petitioner filed a *pro se* application for writs in the Louisiana Supreme Court. [Doc. 1-2, pp. 60-72] Petitioner delivered his pleading to his case manager, Ms. Bradley, for mailing to the Supreme Court on December 8, 2009. [Doc. 1-2, p. 72] His writ application was denied without comment by the Supreme Court on December 10, 2010. *State of Louisiana ex rel. Jerod Dewayne Johnson v. State of Louisiana*, 2009-2788 (La. 12/10/2010), 51 So.3d 718. [Doc. 1-2, p. 59] Petitioner did not seek further direct review in the United States Supreme Court.

On May 3, 2011, petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court.  [Doc. 1, ¶7(b)(iii)]  Petitioner sought free copies of various court documents and transcripts as well as post-conviction relief. [Doc. 1-2, pp. 73-90] On some unspecified date the application was denied and petitioner sought further review in the Second Circuit Court of Appeals. [Doc. 1-2, pp. 104-110] On October 7, 2011, the Second Circuit denied writs and sent notice of judgment to the petitioner. [*State of Louisiana v. Jerrod Johnson*, No. 46,956-KH, Doc. 1-2, pp. 111-112]

Petitioner then sought further collateral review in the Louisiana Supreme Court in a writ application dated November 8, 2011. [Doc. 1-2, pp. 114-121] The Supreme Court denied writs without comment on June 22, 2012. *State of Louisiana ex rel. Jerrod Johnson v. State of Louisiana*, 2011-2573 (La. 6/22/2012), 91 So.3d 965.

Petitioner signed the instant petition on August 7, 2012; it was received and filed on August 9, 2012.

### *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

_____

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On October 28, 2009, his conviction was affirmed and notice of judgment was sent to petitioner's appellate counsel.  *State of Louisiana v. Corey Holder and Jerrod Dewayne Johnson,* 44,386 (La. App. 10/28/2009), 25 So.3d 920. See also Doc. 1-2, pp. 39-58.

Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review, or, until on or about November 30, 2009.[2]  However, according to petitioner, he did deliver his *pro se* writ application to prison authorities for mailing to the Supreme Court until December 8, 2009 [Doc. 1-2, p. 72] and by that time the filing was beyond the 30-day limit established by the Supreme Court's rule. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on November 30, 2009.  *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ...  decision, challenge that decision in the state Supreme Court.") Furthermore, it does not appear that

---

[2] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." The thirty day period prescribed by Rule X began on October 29, 2009 and ended on Saturday November 28, 2009. Since that day was a holiday, petitioner would have been given until Monday November 30 to file his pleading.

petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d  647; *see also Butler*, 533 F.3d at 319 (" ... there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

Thereafter, since petitioner's judgment of conviction became final under the AEDPA on November 30, 2009, petitioner  had 1-year, or until November 30, 2010, to file his federal *habeas corpus* petition.  He filed an application for post-conviction relief on May 3, 2011 [Doc. 1, ¶7(b)(iii)]; however, by the time he filed that application, the one-year period of limitation established by the AEDPA had already expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

In short, the available evidence establishes that petitioner's federal *habeas* petition is

time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

Of course, this is a Report and Recommendation and not a final judgment. To the extent that petitioner disagrees with the calculations set forth above, he is encouraged to submit evidence and argument to support his implied assertion that his *habeas* petition was timely filed. This recommendation is based on the available evidence which indicates that petitioner's application for *certiorari* on direct review was filed beyond the time limit established by Louisiana Supreme Court Rule X, §5(a).  If petitioner has evidence to establish that his application was in fact timely, or, if he has evidence to establish that he was granted an extension of time within which to seek further direct review, he should produce that evidence and argument in support of such claim within the time set forth below.

### 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

Again, petitioner may object to this Report and Recommendation, and is encouraged to provide evidence and argument to support any claim of equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).[3]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe,  Louisiana, September 24, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE EVIDENCE TO SUPPORT THE NOTION THAT HIS APPLICATION FOR *CERTIORARI* ON DIRECT APPEAL WAS EITHER TIMELY FILED, OR THAT HE WAS AFFORDED AN EXTENSION OF TIME WITHIN WHICH TO FILE BY THE LOUISIANA SUPREME COURT. HE IS ALSO ENCOURAGED TO PROVIDE SUCH EVIDENCE AS IS AVAILABLE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE TOLLING.**

8