# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JERROD JOHNSON** | **CIVIL ACTION NO. 5:12-cv-2134** |
| **LA. DOC #542543** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **TIM KEITH, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* petitioner Jerrod Johnson, a prisoner in the custody of Louisiana's Department of

Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28

U.S.C. §2254 on August 9, 2012.   Petitioner attacks his 2007 conviction for armed robbery with

a firearm and the hard labor sentences imposed by Louisiana's First Judicial District Court,

Caddo Parish.

On September 24, 2012, the undersigned recommended dismissal of the petition as time-

barred by the provisions of 28 U.S.C. §2244(d). [Doc. 4][1] Notwithstanding petitioner's objection

[Doc. 5] and Amended Objection [Doc. 6], the Court adopted the recommendation and ordered

dismissal with prejudice on October 22, 2012.  [Doc. 7] Petitioner's motions for a new trial

[Docs. 8 and 13] were denied on December 21, 2012 [Doc. 14]; his motion for a Certificate of

Appealability (COA) was denied on January 11, 2013 [Doc. 17], and petitioner timely appealed

---

[1] The recommendation was based upon the evidence submitted by petitioner which established that his writ application in the Louisiana Supreme Court on direct review was untimely because it was filed past the 30 day deadline established by Supreme Court Rule X. That being the case, it was determined that petitioner's judgment of conviction became final pursuant to Section 2244(d)(1)(A) on November 30, 2009 and not, as would be the case were his pleading filed timely, 90 days after the Louisiana Supreme Court denied writs on December 10, 2010.

the judgment of dismissal to the United States Fifth Circuit Court of Appeal. On July 15, 2013,

the Court of Appeals vacated the judgment and remanded to the Court for further proceedings.[2]

Thereafter, on July 29, 2013, petitioner filed a *pro se* motion for equitable tolling.

Therein petitioner claimed that he was entitled to equitable tolling of his federal petition.[3]

Petitioner also submitted a copy of the Court's minutes to establish that he was in fact re-

sentenced on December 9, 2009. [Doc. 22-1, p. 4]

On August 12, 2013, the undersigned submitted a Supplemental Report and

Recommendation.  Among other things, it was observed that petitioner was re-sentenced on

December 9, 2009, and did not appeal the re-sentencing.  Based upon the facts established by the

published jurisprudence and petitioner's pleadings and exhibits, the undersigned again concluded

that the *habeas* petition was time-barred. [Doc. 23][4]  Further, the undersigned considered

---

[2] The Court of Appeals noted that Louisiana's Second Circuit Court of Appeals had affirmed petitioner's conviction on direct appeal but remanded to the State District Court for re-sentencing to cure sentencing error.  As such, the judgment of conviction could not be final until the delays for seeking direct review of the re-sentencing had lapsed. *Jerrod D. Johnson v. Tim Keith, Warden,* No. 12-31183. [See Doc. 21]

[3] Petitioner argued, "Despite filing ineffective assistance claims against defense counsel Peter Flowers on direct appeal he was allowed to represent all defendants on remand for re-sentencing on December 10, 2009, without notice and waiver of conflict-free counsel by the State or him resulting in a denial to appeal the re-sentence as excessive and based upon unlawfully seized DNA by Bossier law enforcement based upon fraud that they had a court order when in fact they did not...  Additionally defendant Johnson's sentence became final 30 days after his re-sentencing on December 9, 2009..." and counsel failed to appeal the new sentence. [Doc. 22]

[4] The undersigned made the following observations:

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On October 28, 2009 his conviction was affirmed and notice of judgment was sent to petitioner's appellate counsel.  *State of Louisiana v. Corey Holder and Jerrod Dewayne Johnson,* 44,386 (La. App. 10/28/2009), 25 So.3d 920. As noted in the original Report and Recommendation, pursuant to the provisions of  Louisiana Supreme Court Rule X, §5(a), petitioner had a period of 30 days from October 28,

petitioner's July 29, 2013, motion seeking the application of equitable tolling and rejected it.

[*Id.*]⁵ Finally, noting that petitioner's applications for *certiorari* to the Louisiana Supreme Court

---

2009, or until November 30, 2009,  to file a timely application for writ of *certiorari*.  Petitioner did not submit his application to prison authorities for mailing until December 8, 2009 [Doc. 1-2, p. 72],  well beyond the deadline provided by Rule X.  In other words, petitioner's writ application was untimely filed and could not serve to extend the date of finality of judgment.

In the meantime, petitioner was re-sentenced in accordance with the Court of Appeals' order on December 10, 2009. [Doc. 22-1, p. 4] Under Louisiana law, he had a period of 30 days from that date within which to file an appeal, or until January 11, 2010.  As noted above, the presumptively reliable  published jurisprudence of the State of Louisiana reveals that no appeal was taken from the re-sentencing and therefore, petitioner's judgment of conviction and sentence became final by the conclusion of the time for seeking further review, at the latest, on January 11, 2010.  Petitioner had one year from that date, or until January 11, 2011, to file his federal petition for *habeas corpus*.

Petitioner cannot rely upon statutory tolling as provided in §2244(d)(2) because he did not seek State post-conviction relief until May 3, 2011, when he filed his  *pro se* application for post-conviction relief in the First Judicial District Court [Doc. 1, ¶7(b)(iii)], and by that time the AEDPA limitations period had already expired and could not thereafter be revived.  As previously noted, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). [Doc. 23]

⁵ In rejecting the application of equitable tolling, the undersigned observed:

Petitioner contends that he is entitled to equitable tolling of the limitations period because "[d]espite filing ineffective assistance claims against defense counsel Peter Flowers on direct appeal he was allowed to represent all defendants on remand for resentencing on December 10, 2009, without notice and waiver of conflict-free counsel by the State or him resulting in a denial to appeal the resentence as excessive and based upon unlawfully seized DNA ..." Of course, petitioner is incorrect. Neither he nor his co-defendant alleged ineffective assistance of counsel on appeal.  [Doc. 1-2, pp. 1-38] In any event, a claim of attorney error does not support equitable tolling.  *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002). [Doc. 23]

3

on both direct and collateral review were untimely, the undersigned recommended dismissal of the petition not only as time-barred but also on the alternative grounds of procedural default.[6]

On August 22, 2013, petitioner filed a written objection to the Report and Recommendation.[7] On November 6, 2013, petitioner submitted an Amended Objection claiming

———————————

[6] The undersigned observed:

Petitioner raised his *habeas* claims in either the direct appeal process or in his application for post-conviction relief. However, as previously shown, petitioner's writ application on direct review was untimely, and, as is shown below, so was his writ application seeking review of the denial of his application for post-conviction relief.

Petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court on May 3, 2011.  [Doc. 1, ¶7(b)(iii)] The post-conviction proceeding remained properly filed and thus pending until October 7, 2011 the date the Second Circuit Court of Appeals denied writs and sent notice of judgment to the petitioner. [*State of Louisiana v. Jerrod Johnson*, No. 46,956-KH, Doc. 1-2, pp. 111-112]  Once again, petitioner had 30 days from that date to timely petition the Louisiana Supreme Court for further collateral review, or, until November 7, 2011. However, petitioner's writ application was dated and signed on November 8, 2011 [Doc. 1-2, pp. 114-121] and was thus untimely under the provisions of Rule X, §5(a).

In other words, petitioner did not properly present any of his federal *habeas corpus* claims to the Louisiana Supreme Court on either direct or collateral review since in both instances he filed his pleadings in the Louisiana Supreme Court after the thirty-day deadline established by Rule X, §5(a)  had elapsed. [Doc. 23]

[7] Therein he relied upon the recent United States Supreme Court decision in   *Martinez v. Ryan*, ⸺ U.S. ⸺, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) to establish both his eligibility for equitable tolling as well as to establish cause and prejudice to excuse his procedural defaults. He also claimed that the failure of his attorney and the trial court to advise him of his right to appeal re-sentencing established cause and prejudice for any procedural default and resulted in an "unconstitutional forfeiture requiring reinstatement of [his] appellate rights."  He claimed that he "...was never mailed notice of judgment affirming his conviction and remanding for resentencing..." and, that appellate counsel failed to advise him of his right to seek rehearing and further appellate review. He claimed that the Report and Recommendation "fail[ed] to state the

that his petition was timely because "... my co-defendant Corey Holder has a timely filed Habeas

Corpus under docket number 5:12-cv-2275 Sec P raising some if not all of these claims,

especially ineffective assistance of counsel." [Doc. 25] On November 27, 2013, these objections

were referred to the undersigned for supplemental report and recommendation. [Doc. 26]

On January 6, 2014, petitioner filed a hand-written pleading entitled "Request for

TRO/PI."  Therein petitioner claimed that the case file mailed to him on December 13, 2013, by

his trial attorney, Peter Flowers, was opened, inspected outside petitioner's presence, and

withheld from petitioner by prison authorities for some unspecified period of time.  It is unclear

whether or not petitioner received the documents after filing his motion. In any event, petitioner

asked the Court to order "appropriate relief." [Doc. 27]

On January 23, 2014, petitioner filed a "Motion to File Documents In Support" of his

claim of ineffective assistance of trial counsel. [Doc. 28][8] Thereafter, on January 24, 2014,

---

dates the notice of judgments were mailed and received by petitioner ... to trigger the filing
delays to seek further review ..." He claimed that inmate-counsel did not finish typing the
applications for *certiorari* in a timely fashion and that resulted in his late filing of same. He also
claimed that it was error to conclude that the Supreme Court did not address the merits of his
applications for *certiorari* since on both direct and collateral review the Court simply denied
writs without comment.  Finally, he argued that "the record is insufficient to determine whether
petitioner... or counsel of record was mailed the judgments which form[ ] the basis of this habeas
application and when petitioner received said judgments to trigger the filing deadlines..." [Doc.
24]

[8] Petitioner attached 7 pages of exhibits to his motion namely (1) letter to petitioner dated
September 4, 2012 from the Clerk of Court for Caddo Parish stating that "... the search warrant
obtained by Bossier Parish Detective could not be found, but the search warrant obtained from
SPD Detective along with the return on search warrant and affidavit for search and arrest warrant
can be obtained for the cost of eighteen ($18) dollars..." [Doc. 28-1, p. 1]; (2) letter to petitioner
dated April 27, 2011 from the Caddo Parish Clerk of Court, Criminal Department advising
petitioner "... the Clerk's Office does not retain a copy of the search warrants. You need to
contact the District Attorney's Office or the Sheriff's Office to obtain the information you are
requesting..." [Id., p. 2]; (3) letter from Bossier Parish Sheriff's Office to petitioner dated July 8,

petitioner filed the documents as "supplemental exhibits." [Doc. 30]

*Law and Analysis*

The Supplemental Report recommended dismissal of petitioner's *habeas* petition as time-barred and alternatively as procedurally defaulted.  A review of the petitioner's objections along with the exhibits and pleadings filed herein convinces the undersigned that the issues of exhaustion/procedural default need not have been presented as an alternative theory supporting dismissal; and, since the petition is clearly time-barred, the undersigned withdraws that portion of the first Supplemental Report and Recommendation insofar as it recommended dismissal under the procedural default doctrine.

*1. Limitations*

Petitioner apparently concedes that his petition is time-barred by the 1-year period of limitation of Section 2244(d)(1)(A).  As noted in the first Supplemental Report and Recommendation following the Fifth Circuit's remand order, petitioner was re-sentenced on December 10, 2009 [Doc. 22-1, p. 4]. Petitioner's judgment of conviction and sentence "... became final by the conclusion of direct review, or the expiration of the time for seeking such review..." at the latest,  on January 11, 2010, when the 30 day period for filing an appeal pursuant to La. C.Cr.P. art. 914(B)(1) expired.[9] Petitioner had one year from that date, or until January 11,

---

2011 concerning his request for a Search Warrant from Det. S. McWilliams and noting, "The Bossier Sheriff's Department does NOT have an employee by that name..." [Id., p. 3]; (4) a copy of the Shreveport Police Department's "Narrative Supplement" dated March 2, 2005 [Id., p. 4]; and,  (5) copies of pages 28, 29, and 30 of a transcript. [Id., pp. 5-7]

[9] Petitioner cannot reckon limitations from the date that writs were denied on direct review from the Louisiana Supreme Court, because his writ application on direct review was not timely. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008) (" Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing

2011, to file his federal petition for *habeas corpus*.  As previously noted, he cannot rely upon

statutory tolling as provided in §2244(d)(2) because he did not seek State post-conviction relief

until May 3, 2011, when he filed his  *pro se* application for post-conviction relief in the First

Judicial District Court [Doc. 1, ¶7(b)(iii)], and by that time the AEDPA limitations period had

already expired and could not thereafter be revived.

### 2. Equitable Tolling and Motion for Equitable Tolling [Doc. 22]

On July 29, 2013, following the Fifth Circuit's remand order, petitioner filed a pleading

entitled "Amended Request for Equitable Tolling." [Doc. 22] In conjunction with the motion he

filed a copy of the First Judicial District Court's minutes for December 10, 2009, establishing the

date he was re-sentenced. [Doc. 22-1, p. 4] As previously noted, his request for equitable tolling

was considered and rejected in the First Supplemental Report and Recommendation.[10]

Thereafter, petitioner filed an objection [Doc. 24] and an amended objection [Doc. 25] to the first

Supplemental Report and Recommendation.  Based upon these objections, the Court directed the

undersigned to reconsider the first Supplemental Report and Recommendation.

In his original objection, petitioner argued that he was entitled to the benefits of equitable

---

of the notice of the original judgment of the court of appeal.' [The] time for seeking further
review of his state conviction expired when he did not within thirty days of the Louisiana Court
of Appeal's ... decision, challenge that decision in the state Supreme Court .")

[10] In rejecting his claim, the undersigned noted, "Petitioner contends that he is entitled to
equitable tolling of the limitations period because '[d]espite filing ineffective assistance claims
against defense counsel Peter Flowers on direct appeal he was allowed to represent all defendants
on remand for resentencing on December 10, 2009, without notice and waiver of conflict-free
counsel by the State or him resulting in a denial to appeal the resentence as excessive and based
upon unlawfully seized DNA ...' Of course, petitioner is incorrect. Neither he nor his co-
defendant alleged ineffective assistance of counsel on appeal.  [Doc. 1-2, pp. 1-38] In any event,
a claim of attorney error does not support equitable tolling.  *United States v. Petty*, 530 F.3d 361,
366 (5th Cir. 2008); *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002)." [Doc. 23]

tolling  based upon the holding of the Supreme Court in *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012) because, "... the State of Louisiana failed to appoint counsel in the initial review collateral proceeding for my ineffective assistance of trial counsel at trial and on direct appeal where said claims were substantial..." [Doc. 24, ¶1]

     *Martinez, supra* and its progeny (see for example, *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."). Thus, petitioner is not eligible for equitable tolling based upon the objection set forth in ¶1.

     Petitioner also implied that he was entitled to equitable tolling because neither the trial judge nor his attorney advised him of the right to appeal the Court's December 9, 2009, resentencing. [*Id.*, ¶2] While this fact may likewise provide cause so as to excuse the default of an excessive or illegal sentence claim, it does not, in and of itself, establish a right to equitable tolling. The failure of the trial judge or counsel to advise petitioner of his right to appeal the re-sentencing on remand does not amount to an extraordinary circumstance so as to warrant the application of equitable tolling.  After all, a  "garden variety" claim of neglect does not warrant the application of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549 at 2564 (2010) (citations and internal quotation marks omitted). Ground two likewise does not entitle petitioner to the benefits of equitable tolling.

Petitioner also claimed that he was entitled to equitable tolling because he "was never mailed notice of judgment affirming his conviction and remanding for re-sentencing [by] appellate counsel who failed to timely notify me of the time periods for rehearing and to petition the Louisiana Supreme Court for further review resulting in the unconstitutional forfeiture..." [Id., ¶3] He also argued that the Report failed to mention "the dates the notice of judgments were mailed and received by petitioner... to trigger the filing delays to seek further review of the State court's judgments..." [Id., ¶4]

These claims are refuted by the very record supplied by petitioner. That record clearly establishes that a copy of the judgment on direct appeal was mailed to both petitioner and his attorney on October 28, 2009. [Doc. 1-2, p. 39 (Notice of Judgment), pp. 40-58 (opinion on appeal)]. (Likewise, notice of judgment was mailed to petitioner by the Second Circuit following their writ denial on collateral review. See Doc. 1-2,  pp. 111-112 (Notice of Judgment and Order on collateral review).  Further, Supreme Court Rule X, §5(a) reckons the 30-day period for seeking further review from the date that notice of judgment is <u>mailed</u>, and not the date upon which it is <u>received</u>. *See Trimble v. Employers Mut. Casualty, Co.*, 213 La. 644, 647, 35 So.2d 416, 417 (La.1948) (explaining that "it has been uniformly held in a long line of cases that the [30-day period] commences to run from the date on which final action is taken by the Court of Appeal and not from the date on which the applicant or his counsel is notified of such action...") Thus, the grounds asserted in ¶s 3-4 are insufficient to warrant equitable tolling.

Further, he blamed inmate counsel who "... did not finish typing and copying the writs for filing to the Louisiana Supreme Court under #2009-KH2758 until December 7, 2009, and I signed December 8, 2009 which was the next mailing date..." and, "writ #2011-KH-2573 ... was not prepared for mailing by inmate counsel until November 7, 2011, and signed November 8,

2011, the next mailing date." [Id., ¶5]

However, since state prisoners have no constitutional right to either an appointed attorney or "inmate counsel" in state post-conviction proceedings, petitioner cannot rely on a claim ineffective assistance of post-conviction inmate counsel in order to establish equitable tolling of his time-barred petition. *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir.2001).[11]

Finally, in his amended objections he argued, "This petition is timely due to my co-defendant Corey Holder has a timely filed *Habeas Corpus* under docket number 5:12-cv-2275 raising some if not all of these claims, especially ineffective counsel." [Doc. 25] Mr. Holder's petition still remains pending; the determination of whether or not it is timely has yet to be made. Further, the issue of whether or not Holder's petition is timely is of no relevance to the issue of petitioner's eligibility for equitable tolling.

In short, while the one-year AEDPA limitations period is subject to equitable tolling, the application of the doctrine may occur only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir.2000). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). A prisoner seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[11] Petitioner also asserted grounds to establish cause/prejudice in order to overcome the procedural bar identified in the Supplemental Report and Recommendation. [*Id*., ¶¶ 6-9] However, since the undersigned has withdrawn that portion of the first Supplemental Report and Recommendation, a discussion of those claims is irrelevant.

circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). Ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or the law library, and inadequacies in the prison law library are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed.Appx. 375 * *1 (5th Cir.2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir.2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir.2000).  Petitioner has clearly not carried the burden of establishing his eligibility for equitable tolling and therefore, he is not entitled to its application or benefits.

### 3. Motion for TRO/PI [Doc. 27]

On January 6, 2014 petitioner filed a "Request for TRO/PI" asking the Court to order the Respondent "... to release unto [petitioner] criminal documents of my trial sent to me on 12/13/13 by defense attorney per order of the Louisiana Bar Association..." This motion has been addressed in a separate order.

### Recommendation

This petition is time-barred by the provisions of 28 U.S.C. §2244(d) and petitioner is not entitled to either statutory or equitable tolling.  Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe,  Louisiana, February 27,  2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**